IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-_____

**MARY DOUGHERTY**,

    Plaintiff,

v.

**OWNERS INSURANCE COMPANY**,

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant, Owners Insurance Company ("Owners"), by its counsel, Adam P. O'Brien and Paul D. Dinkelmeyer of Wells, Anderson & Race, LLC, hereby files this Notice of Removal of this action from District Court, Denver County, Colorado, to the United States District Court for the District of Colorado, under 28 U.S.C.S. §§ 1332, 1441, and 1446, and as grounds therefore, states as follows:

**I.  INTRODUCTION**

1.    Plaintiff, Mary Dougherty, commenced an action against Owners[1] in District Court, Denver County, Colorado, captioned *Mary Dougherty v. Auto-Owners Insurance Company*, Case Number 2023CV30527. See **Ex. A**, Summons; **Ex. B**, Complaint and Jury Demand.

---

[1] Plaintiff's Complaint filed in Denver County District Court incorrectly identified Owners as "Auto-Owners Insurance Company." Prior to the removal of this action, Plaintiff's counsel filed an unopposed motion in State Court to correct this error, which was granted, such that the caption set forth above is the correct caption for this case.

2. This case arises out of a property damage claim made by Ms. Dougherty with her homeowner's insurance carrier, Owners, seeking to recover for alleged damage to a single-family home located at 8419 W. 95th Drive in Westminster, Colorado, due to frozen domestic water lines. **Ex. B**, Compl. ¶¶ 5, 8, 15. According to public records maintained by Jefferson County, Ms. Dougherty is the owner of the subject property. **Ex. C**, Property Records.

3. Ms. Dougherty contends that Owners improperly handled her claim, denied coverage, and cancelled her insurance policy. **Ex. B**, Compl. ¶¶ 67-86. She asserts claims for: (1) Breach of Contract – First Party Insurance Benefits; (2) Bad Faith Breach of Insurance Contract; and, (3) Violation of C.R.S. §§ 10-3-1115, 1116, and 1104. *Id.* ¶¶ 127-151. *Id.*

4. Under 28 U.S.C.S. § 1441(b), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from District Court, Denver County, Colorado, where this action is pending. This action arises out of a residential insurance coverage dispute that occurred in Colorado involving a property located in Colorado, and involves a controversy between citizens of different states with an alleged amount in controversy that exceeds $75,000.

5. Service of Plaintiff's Complaint in the State Court action was made on Owners on April 7, 2023, when Owners accepted service via a Waiver of Service. *See* **Ex. D**, Waiver of Service.

6. Owners' Notice of Removal is timely filed in compliance with the limits set forth in 28 U.S.C.S. § 1446(b)(1), as it is filed within thirty days of service of the original Summons and Complaint. Thirty days from April 7, 2023, the date that Owners waived and accepted service of

Plaintiff's Complaint, is May 7, 2023. As set forth below, all other procedural requirements related to the removal of this action have also been satisfied.

## II. DIVERSITY JURISDICTION

7. The United States District Court for the District of Colorado has original jurisdiction under 28 U.S.C.S. § 1332(a)(1) because there is complete diversity of citizenship between Ms. Dougherty and Owners, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. The "purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

**A. Complete diversity of citizenship exists under 28 U.S.C.S. § 1332(a)(1).**

9. To meet the diversity requirement for federal jurisdiction, there must be complete diversity between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, "[i]t is elementary that § 1332 provides jurisdiction only where there is complete diversity, that is, where all plaintiffs are of different citizenship than all defendants." *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000) (citations omitted).

10. Ms. Dougherty is a citizen and domiciliary of the State of Colorado. For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A person acquires domicile in a state when the person resides there and intends to remain there indefinitely. *Id.*

11. In determining a person's domicile for diversity jurisdiction purposes, a district court should consider the totality of the circumstances, and any number of factors can shed light on the subject in any given case. *Id.* at 1200-01. These factors include, but are not limited to, the party's current residence, place of employment or business, driver's license and automobile registration, voter registration, payment of taxes, as well as other general aspects of human life and activity. *Id.* at 1201 (quotation omitted).

12. In her Complaint, Ms. Dougherty affirmatively represents that she is domiciled in Colorado. Under the heading "Domiciles," Ms. Dougherty avers that "(a)t all times relevant, Plaintiff resided at 8419 West 95th Drive in Westminster, Colorado." **Ex. A**, Compl. ¶ 5. She further identifies 8419 West 95th Drive in Westminster, Colorado 80021, as her address on the last page of her Complaint. **Ex. A**, Compl. p. 18 (C.R.C.P. 11(a) requires that a party list their address on her initial pleading).

13. In public records, Ms. Dougherty is identified as the owner of the subject property, 8419 West 95th Drive in Westminster, Colorado 80021, having reportedly acquired it in 1996. **Ex. C**, Property Records.

14. The totality of the circumstances in this case establish that Ms. Dougherty is domiciled in the State of Colorado.

15. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.S. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

16. Owners is an Ohio corporation with its principal place of business in Michigan. *See* **Ex. E**, Certificate of Fact of Existence from the Office of Secretary of State, State of Colorado,

indicating that Owners is an Ohio corporation; **Ex. F**, Articles of Incorporation; and **Ex. G**, Owners' Corporate Disclosure Statement. Thus, Owners is a citizen of Ohio and Michigan. *See* 28 U.S.C.S. § 1332(c)(1).

17. Because Ms. Dougherty is a citizen of the State of Colorado and Defendant, Owners, is incorporated under the laws of Ohio and has its principal place of business in Michigan, there is complete diversity of citizenship.

**B. The amount in controversy exceeds $75,000 under 28 U.S.C.S. § 1332(a).**

18. Without waiving Owners' right to contest Ms. Dougherty's claimed amount of damages, diversity jurisdiction pursuant to 28 U.S.C.S. § 1332(a) exists in that Ms. Dougherty is seeking a monetary judgment in excess of the $75,000 minimum amount in controversy requirement. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C.S. § 1446(c)(2). A Civil Case Cover Sheet filed in State Court in which a plaintiff asserts that more than $75,000 is at issue is an "initial pleading" or "other paper" under § 1446(b)(3), which is evidence of the amount in controversy. *Paros Props. L.L.C. v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

19. Plaintiff's Civil Case Cover Sheet filed with her Complaint in the State Court action constitutes an initial pleading or "other paper" and contains an affirmative representation that Plaintiff is seeking a monetary judgment in this case in excess of $100,000. **Ex. H**, Civil Case Cover Sheet. Accordingly, Plaintiff asserts, at a minimum, that at least $100,000 is being sought in this case, thus satisfying the requirement for removal that at least $75,000 be in controversy.

20. The amount in controversy must be determined by the allegations of the Complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail*, 529 F.3d at 954 (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21. Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89, 135 S. Ct. at 554.

22. The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id*. at 956. Once a defendant establishes contested facts that support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less than $75,000 is

at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

23. Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of such fees, which is the case in this action, as Ms. Dougherty is seeking attorney fees pursuant to C.R.S. §10-3-1116. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); C.R.S. § 10-3-1116(1). Further, the Court may also consider the potential awarding of statutory damages prescribed in C.R.S. § 10-3-1116, which allows for recovery of "two times the covered benefit" determined to have been unreasonably delayed or denied. *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 U.S. Dist. LEXIS 51240, at *10 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 U.S. Dist LEXIS 50227 (D. Colo. Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-1112 (D. Colo. 2012)); C.R.S. § 10-3-1116(1) ("A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.")

24. The allegations set forth in Plaintiff's Complaint, including her Civil Case Cover Sheet, as well as the facts set forth herein, demonstrate that the amount in controversy in this case is in excess of $75,000. Specifically, Plaintiff claims that Owners unreasonable delayed full payment on her claim under her insurance policy, which provides dwelling coverage of more than $300,000. *See* **Ex. B**, Compl. ¶¶ 8-11.

### III. CONCLUSION

25. Under 28 U.S.C.S. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file, of which Owners is aware, are filed herewith. *See* **Ex. I**, State Court Docket Sheet. There are no pending motions or hearings set in the state court action. On February 16, 2023, the District Court for Denver County Colorado issued a Delay Reduction Order, attached as **Ex. J**.

26. Under 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court for Denver County, Colorado. A copy has been served on counsel for Plaintiff, as indicated on the attached Certificate of Service.

27. In the event there is an issue with respect to whether diversity jurisdiction exists in this case, Owners respectfully requests the opportunity to conduct limited discovery on the issue of diversity jurisdiction, if necessary. *See McPhail*, 529 F.3d at 954.

28. Owners affirmatively states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and reserves all claims, rights, defenses, and, affirmative defenses in this action.

**WHEREFORE**, Defendant, Owners Insurance Company, hereby removes this action from District Court, County of Denver, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 3rd day of May 2023.

Respectfully submitted,
**WELLS, ANDERSON & RACE, LLC**

*S/ Paul D. Dinkelmeyer*

Adam P. O'Brien

Paul D. Dinkelmeyer
1700 Broadway, Suite 900
Denver, Colorado 80290
Telephone: (303) 830-1212
Email: aobrien@warllc.com
       pdinkelmeyer@warllc.com

*Attorneys for Defendant Owners Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May 2023, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado using the Federal Court's CM/ECF System, and served via ECF, to all parties having entered an appearance in this action. A copy has also been served via email to the following counsel for Plaintiff:

Todd Scardina, Esq.
Autumn Scardina, Esq.
**SCARDINA LAW, LLC**
501 S. Cherry Street, Suite 1100
Denver, Colorado 80246
Telephone: (720) 420-9068
Fax: (303) 845-5594
Email: todd@scardinalaw.com
autumn@scardinalaw.com

*Attorneys for Plaintiff*

*S/ Karen M. Zajac*

Karen M. Zajac, Legal Assistant
**WELLS, ANDERSON & RACE, LLC**
1700 Broadway, Suite 900
Denver, Colorado 80290
Telephone: (303) 830-1212
Email: kzajac@warllc.com

*[Original Signatures on File at the Office of Wells, Anderson & Race, LLC]*