## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01116

MARY DOUGHERTY,

      Plaintiff,

v.

OWNERS INSURANCE COMPANY,

      Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

1.      A Scheduling Conference is scheduled for **June 20, 2023**, beginning at 10:45 a.m.

2.      Plaintiff Mary Dougherty is represented by Todd Scardina and Autumn Scardina of Scardina Law, 501 S. Cherry Street, Suite 1100, Denver, Colorado 80246, (720) 420-9068.

3.      Defendant Owners Insurance Company is represented by Adam P. O'Brien and Paul D. Dinkelmeyer of Wells, Anderson & Race, LLC, 1700 Broadway, Suite 900, Denver, Colorado 80290, (303) 830-1212.

### 2. STATEMENT OF JURISDICTION

On May 3, 2023, Defendant removed this action from District Court, Denver County, State of Colorado, pursuant to 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1332(a), because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff**:

In this action, Plaintiff, Mary Dougherty, (hereinafter "**Plaintiff**") seeks damages arising from the breach of contract, bad faith breach of contract, and violation of C.R.S. § 10-3-1115, 1116, and 1104 by her insurance company, Defendant Owners Insurance Company (hereinafter "**Defendant**").

Prior to February 16, 2021, Defendant entered into a contract for homeowners insurance coverage with Plaintiff with a policy number 51-517351-01 (hereinafter the "**Policy**").  On or around February 16, 2021 (the "**Date of Loss**"), domestic water lines located in Plaintiff's Residence (the "**Residence**") froze and subsequently ruptured and caused significant damage to the Residence (the "**Loss**"), rendering it unfit for human habitation absent remediation and repair. Plaintiff, who has continuously resided in and occupied the Residence since its purchase on or about March 5, 1996, immediately submitted a timely claim with Defendant for the Loss.

As a result of an incomplete and unreasonable evaluation of Plaintiff's claim, Defendant denied the same over three-months after the Loss, stating only that "heat was not maintained in the home which allowed pipes to freeze."  Defendant misquoted the applicable policy language, referring to an exclusion that had been deleted and replaced by amendment, and concluded that, based on the quoted policy language, "in order for their to be coverage heat needs to be heat maintained in the home."

The applicable exclusion does not require "heat be maintained in the home" for coverage to attach.  Instead, it provides that "while the building is vacant, unoccupied or in the course of construction," there is no coverage for losses resulting from freezing pipes unless the insured

"take[s] precautions to . . . maintain heat in the building."  The Policy does not define the terms "vacant" or "unoccupied."

Defendant made no effort to investigate whether the Residence was "vacant," "unoccupied" or under construction.  Had it done so, it would have easily concluded that the home was not vacant, was continuously occupied, was not under construction, and was Plaintiff's sole and primary residence.  Instead, it ignored provided evidence establishing the same.  Likewise, Defendant unreasonable relied upon a deleted and materially revised exclusion by solely investigating whether heat was maintained rather than whether precautions were taken to ensure the same, as required.  Indeed, Defendant's own adjuster concluded that the thermostat was on but had become inoperable due to a failed ignitor on the furnace.  Plaintiff is therefore entitled to benefits under the Policy for the loss.

In adjusting the claim, Defendant unreasonably, recklessly, and/or willfully delayed or denied payment of benefits to which Plaintiff is entitled as a first party claimant through:

a. Knowingly or recklessly misrepresenting Policy Exclusion 3(a)(5);

b. Unreasonable delaying communicating with Plaintiff;

c. Failing to respond at all to some communications from Plaintiff;

d. Unreasonable three-month delay in evaluating and coming to a coverage decision;

e. Failing to meet industry standards related to investigation of similar claims;

f. Failing, upon information and belief, to meet its own internal standard regarding investigation and determination of similar claims;

g. Failing to meet industry standards regarding availability of adjusters outside regular business hours;

h.   Failing to collect all evidence necessary to make a fair evaluation of the claim and Plaintiff's damages;

i.   Placing the onus on Plaintiff to adjust her own claim by failing to proactively seek out the information required for a fair evaluation and obligating her to obtain a plumber to determine the cause of Loss;

j.   Instructing Plaintiff to not incur remediation or repair expenses due to lacking coverage, leaving her without water in her residence for three months;

k.   Apparently questioning Plaintiff's credibility, without informing her of any concern, and without requesting corroborating evidence to address any concerns or otherwise providing her opportunity to substantiate the occupancy and non-vacancy of the Residence;

l.   Failing to disclose the availability of additional living expense benefits pursuant to Coverage D;

m.   Placing Defendant's interests in paying as little as possible on the claims ahead of Plaintiff's interests in receiving full compensation for her damages and losses;

n.   Failing to inform Plaintiff of the specific reasons coverage was denied;

o.   Failing to provide Plaintiff notice of any concern regarding occupancy or vacancy of the Residence;

p.   Failing to reasonably investigate the claim;

q.   Failing to use tools of the trade in its investigation of the claim or otherwise gather facts;

r.   Failing to promptly and effectively communicate with anyone it was reasonably aware had information pertaining to the handling of a Plaintiff's claim;

s.   Failing to meet its duty to diligently search for evidence which supported Plaintiff's claim and not merely seek evidence upholding its own interests;

t.   Failing to evaluate coverage based on all information before it at the time of the denial;

u.   Forcing Plaintiff to go through needless adversarial hoops to achieve her rights under the Policy;

v.   Grossly and recklessly undervaluing the damage to the Residence;

w.   Conducting what amounted to an incomplete, inadequate, and one-sided/biased investigation in which the insurer looked for and gave greater weight to evidence it claimed supported exclusion of coverage than it gave to evidence supporting coverage;

x.   Forcing Plaintiff to file suit in order to obtain benefits under the policies to which she is clearly entitled;

y.   Failing to promptly review and consider documents submitted with Plaintiff's second demand for coverage;

z.   Unreasonably refusing to extend the statute of limitations to enable additional discussion without the need for initiating this lawsuit; and

aa.  Unreasonably refusing to discuss or agree upon when the statute of limitations began to run to enable additional discussion without the need for initiating this lawsuit.

Plaintiff asserts that the following Affirmative Defenses lack substantial justification: 1 (failure to state claim), 3 (asserting waived policy exclusions as basis for denial), 4 (asserting

waived policy exclusions), 5 (comparative negligence and comparative bad faith), 6 (waiver, laches, and estoppel), 9 (collateral source), 10 (comparative fault), and 11 (proximate cause).

Plaintiff asserts that a more definite statement is required for the following paragraphs of Defendant's Answer and Jury Demand: 11, 12, 29, 39-40, 42, 59-63, 70-71, 74-80, 82-85.

**<u>Defendant</u>**:

This case arises out of a disputed property damage claim made by Plaintiff, Mary Dougherty, to her insurance carrier, Defendant, Owners Insurance Company ("Owners"). Owners issued a Homeowners Insurance Policy to Plaintiff, Policy Number 51-517-351-01 ("Policy"), with a term of November 24, 2020 to November 24, 2021, which provided insurance coverage, as set forth in the Policy, for a residential property located at 8419 West 95th Drive, Westminster, CO 80021 ("Property").

Upon information and belief, on or about February 16, 2021, domestic water lines at the Property froze and ruptured resulting in interior damage. Plaintiff made a claim with Owners, which conducted an investigation. This investigation included, but was not limited to, inspections of the Property, retention of experts, including a professional engineer, taking a recorded statement, and the review and analysis of information and documents regarding Plaintiff's claim that were obtained by and provided to Owners.

Upon completion of its investigation, Owners denied Plaintiff's claim based on the terms and conditions of the Policy, which included, *inter alia*, Plaintiff's failure to maintain heat at the Property and issues pertaining to the occupancy and/or vacancy of the Property. Owners did not waive any defenses under the Policy, but rather specifically reserved all rights, including all Policy provisions, conditions, and exclusions.

Contrary to Plaintiff's assertions, Owners conducted a timely and appropriate investigation and properly handled Plaintiff's claim. Plaintiff failed to timely communicate with Owners and other entities involved in the handling of her claim. Owners denies the allegations in Plaintiff's Complaint and those set forth above that it breached the insurance contract, acted in bad faith, or unreasonably delayed or denied payment of benefits.

Owners withdraws its first affirmative defense contained in its Answer stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted, in whole or in part, against Owners. Owners maintains and reserves all remaining defenses.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Owners issued a Homeowners Insurance Policy to Plaintiff, Policy Number 51-517-351-01 ("Policy"), with a term of November 24, 2020 to November 24, 2021, which provided insurance coverage, as set forth in the Policy, for a residential property located at 8419 West 95th Drive, Westminster, CO 80021 ("Property").

2.      The Policy was in effect on the reported Date of Loss of February 16, 2021.

3.      In February 2021, water lines at the Property froze and subsequently ruptured.

4.      Weather data indicated that there were freezing temperatures at or near the property at or near the Date of Loss.

5.      Plaintiff reported a claim on February 17, 2021.

6.      The Property sustained damage as a result of domestic water lines that froze and ruptured.

7.      On or about, May 18, 2021, Defendant sent correspondence to Plaintiff denying her claim.

8.      Plaintiff filed a Complaint in Denver County District Court on February 16, 2023.

## 5.  COMPUTATION OF DAMAGES

**a.      Plaintiff:**

Plaintiff asserts the following damages, which continue to increase and are subject to supplementation:

| **COVERED BENEFIT** | |
|---|---|
| Mitigation | $72,113.29 |
| Repair/Replacement of Physical Damage | $43,721.45 |
| Rental Expenses – three months (Coverage D or loss of use) | $7,497.00 |
| Deep Water Invoice | $2,554.86 |
| Content removal, packing, and inventorying | $22,201.66 |
| Truck Rental | $1,929.28 |
| Storage Expenses | $8,438.13 |
| Medical expenses (awaiting records) | TBD |
| | |
| **Total Covered Benefit** | **$158,445.67** |
| **STATUTORY BAD FAITH DAMAGES** | |
| Two-times Covered Benefit of $158,445.67 | $310,211.00 |
| Attorney's Fees | TBD |
| **COMMON LAW BAD FAITH DAMAGES** | |
| Recklessly denied benefits (duplicated from above) | $158,445.67 |
| Lost Wages | $7,182.81 |
| Loss of Use (duplicated from above) | $7,497.00 |
| Increased Premiums | $2,064.84 |
| Punitive Damages (up to three-times actual damages per C.R.S. § 13-21-102(1)(a)) | TBD |

**Non-economic damages:**

Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, and impairment of quality of life.  The total value of Plaintiff's non-economic damages will be determined by the jury at trial.

**Pre and post-judgment interest:**

Plaintiff also seeks pre-judgment and post-judgment interest on any amount awarded at trial.

**Right to Amend:**

Plaintiff reserved her right to amend this computation of damages pursuant to discovery as well as any findings or opinions of any expert or any other expert retained in this matter to include any damages, including expectation, consequential, punitive, and incidental damages to which Plaintiff is entitled under law, reasonable attorneys' fees as provided under any applicable law, regulation, rule, or contract provision, any and all costs as provided under any applicable law, regulation, rule, or contract provision, prejudgment and post judgment interest at the highest rate available under law, and any and all other legal and equitable relief as this Court deems just.

    **b.**    **Defendant:**

Owners is not seeking to recover damages from Plaintiff at the present time, but reserves the right to seek damages in the future, if warranted under the circumstances and permissible by law. Owners disputes and denies the nature and extent of Plaintiff's alleged damages. Owners also reserves its rights to seek and recover attorney's fees or costs as permitted by contract or applicable law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.    Date of Rule 26(f) meeting:  May 26, 2023.

b.    Names of each participant and party he/she represented.

<u>For the Plaintiff:</u>
Todd Scardina, Atty. Reg. #40333
Scardina Law
501 S. Cherry St. Suite 1100

Denver, Colorado 80246
Telephone: (720) 420-9068
Fax: (303) 845-5594
E-mail: todd@scardinalaw.com

For the Defendant:
Paul D. Dinkelmeyer, Atty. Reg. No. 38371
Wells, Anderson & Race, LLC
1700 Broadway, Suite 900
Denver, Colorado 80290
Telephone: (303) 813-6532
Fax: (303) 830-0898
E-mail: pdinkelmeyer@warllc.com

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff's Rule 26(a)(1) disclosures will be served by **June 16, 2023.**

Defendants' Rule 26(a)(1) disclosures will be served by **June 16, 2023.**

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).  **None.**

e.      Statement concerning any agreements to conduct informal discovery: No agreements have been made to conduct informal discovery, but the parties are open to discussing informal discovery if it would serve to reduce litigation costs.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel agree that they will work together on agreements and procedures to reduce the cost of litigation.  Counsel also agree to use a unified exhibit numbering system for depositions. All documents produced by the parties shall be Bates labeled.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff does not have extensive, responsive electronically stored information. Defendant's claim file and documents are maintained in electronic format but are not "extensive."

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties are open to settlement negotiations after some discovery has been completed.

## 7.  CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side shall be limited to **6** depositions each, excluding experts, and **25** interrogatories.

b.    Limitations which any party proposes on the length of depositions.

Depositions shall be limited to a length of one-day of seven hours, without prior agreement or absent leave of Court.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side shall be limited to **25** requests for production and **25** requests for admission.

d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

**35 days before Discovery Cut-Off date.**

e.    Other Planning or Discovery Orders:

**None.**

## 9.   CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **August 4, 2023.**

b.      Discovery Cut-off: **February 2, 2024.**

c.      Dispositive Motion and Motions Pursuant to Fed. R. Evid. 702, 703 and 704 Deadline: **March 18, 2024.**

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff:** Plaintiff may disclose the following experts: expert in the standard of care applicable to insurers/bad faith expert; expert in remediation and repair of Residence.

**Defendant:** Defendant anticipates retaining experts in the same or similar fields as those designated by Plaintiff to address and rebut the opinions of Plaintiff's experts. These experts include, but are not necessarily limited to, liability and damages experts, a cost of repair expert, and an insurance industry standards expert.

2.      Limitations which the parties propose on the use or number of expert witnesses. **Excluding non-retained remediation providers for Plaintiff, each side shall be limited to three (3) retained experts per party.**

3.      **Plaintiff** shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: **October 6, 2023.**

4.      **Defendant** shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: **November 3, 2023.**

5.     **Plaintiff** shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: **December 1, 2023.**

e.     Identification of Persons to Be Deposed:

**Plaintiff:** Plaintiff anticipates taking the deposition of the Rule 30(b)(6) designee for Defendant, Jamie Hanner, Chris Hoag, Carrie Gilchrist or other representative of Ascent Claim Services, and Steven Boyd or other representative of Rimkus Consulting. Plaintiff reserves the right to depose any other individuals upon conducting further discovery, particularly with reference to review of the claim file.

**Defendant:**   Owners anticipates taking the deposition of Plaintiff, Plaintiff's mother, Plaintiff's neighbor, and representatives of any repair/remediation contractors that performed work at Plaintiff's property, either before or after the stated date of loss. Owners reserves the right to depose other individuals upon conducting discovery in this case.

### 10.  DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times:

_____

_____

b.     A final pretrial conference will be held in this case on _____ at _____ o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

Five day jury trial.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

**None.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2023.

**BY THE COURT:**

_____
United States Magistrate Judge

**APPROVED:**

*S/ Todd Scardina*
_____
Todd Scardina, #40333
Autumn Scardina, #39491
Scardina Law
501 S. Cherry Street, Suite 1100
Denver, CO 80246
Telephone: (720) 420-9068
*Counsel for Plaintiff*

*S/ Paul D. Dinkelmeyer*
_____
Adam P. O'Brien, #37854
Paul D. Dinkelmeyer, #38371
Wells, Anderson & Race, LLC,
1700 Broadway, Suite 900
Denver, CO 80290
Telephone: (303) 830-1212
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on the date stated above, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

       Paul D. Dinkelmeyer
       Adam P. O'Brien
       Wells, Anderson & Race, LLC
       1700 Broadway, Suite 900
       Denver, Colorado 80290
       *Attorneys for Defendant*

       *S/ Todd Scardina*